IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARL MCARTHUR,<br><br>Defendant. | Case No. CR09-0003<br><br>ORDER FOR PRETRIAL DETENTION |

On the 21st day of April, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti S. Sleister. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

### RELEVANT FACTS

On January 28, 2009, Defendant Carl McArthur was charged by Indictment (docket number 2) with being a prohibited person in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 15, 2009.

Special Agent Timothy Hunt of the Bureau of Alcohol, Tobacco and Firearms (ATF) testified regarding the circumstances underlying the instant charge. On May 3, 2007, officers on foot patrol approached Defendant and called him by name. Defendant denied being "Carl" and fled on foot. As he was running, officers observed Defendant attempt to pull something from his waistband. Defendant was subsequently apprehended while hiding under a vehicle. In retracing Defendant's path, officers found a firearm with

1

Defendant's fingerprint on it. Defendant was found with marijuana on his person and he subsequently tested positive for THC and cocaine.

According to the pretrial services report, Defendant is 28 years old and has lived primarily in Cedar Rapids for the last 14 years. Defendant moved from Chicago with his parents when he was approximately 14 years old. His mother subsequently returned to Chicago, where she continues to reside. Defendant has a sister in Chicago and another sister in Indiana. Defendant married his girlfriend six months ago, after a four-year relationship. They have two children, ages 3 and 1. Also living with Defendant is his wife's two children from a prior relationship, ages 8 and 3.

Defendant attended high school in Chicago until the 9th grade. After his family moved to Cedar Rapids, he was never re-enrolled in school. Defendant has apparently never been employed, other than odd jobs done for cash. Defendant is in good health, although he has been shot on three separate occasions. Defendant admitted to the regular use of marijuana since age 14, but told the pretrial services officer that he has not smoked it in the past six months.

Defendant has an extensive prior criminal record, although he does not appear to have been convicted of a felony. Since 1997, Defendant has seven convictions for interference with official acts, five convictions for possession of controlled substance, three convictions for carrying weapons, two convictions for disorderly conduct, and additional convictions for manufacture/delivery of cannabis, child endangerment, assault, harassment of a public official, disorderly house, assault on a peace officer, and domestic abuse without intent, causing injury. Defendant has failed to appear on seven separate occasions and warrants were issued for his arrest. He was found in violation of probation on two occasions. There is a warrant outstanding for Defendant's arrest in Illinois, although the record is silent regarding the nature of the offense.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a prohibited person in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or

combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a prohibited person in possession of a firearm. The weight of the evidence would appear to be strong. Defendant was apprehended on May 3, 2007 after a foot chase. Officers observed Defendant appear to pull something from his waistband and a firearm was subsequently found along Defendant's path, with Defendant's fingerprint. Defendant had marijuana on his person and tested positive for THC and cocaine. While Defendant is married and has lived primarily in Cedar Rapids for the last 14 years, he has never been employed and apparently returns to Chicago from time-to-time. Defendant was arrested

4

for manufacture/delivery of cannabis in Cook County in 2003 and was convicted of a similar charge following his arrest in Cook County in 2005. Defendant has an extensive criminal record, including convictions for assaultive behavior and carrying weapons. Defendant has failed to appear on seven prior occasions and warrants were issued for his arrest. Defendant has also attempted to flee police officers on at least two occasions. Defendant has violated his probation at least twice and was on probation for the Illinois drug charge at the time of the instant offense. Finally, the Court notes that the combination of drugs and guns constitutes a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 17, 2009) to the filing of this Ruling (April 22, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 22nd day of April, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA