# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 09-0003 |
| vs. | REPORT AND RECOMMENDATION |
| CARL McARTHUR, | |
| Defendant. | |

_____

This matter comes before the Court on the Motion to Suppress Fingerprint Evidence (docket number 16) filed by Defendant Carl McArthur on May 15, 2009; and the Resistance (docket number 21) filed by the Government on June 10, 2009. By agreement of the parties, the motion is submitted without hearing or oral argument.

## PROCEDURAL HISTORY

On January 28, 2009, Defendant Carl McArthur was charged by Indictment (docket number 2) with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and (9). Defendant entered a plea of not guilty and trial is now scheduled before Chief Judge Linda R. Reade on July 27, 2009.

On May 15, Defendant timely filed the instant motion to suppress fingerprint evidence. The motion was set for hearing on May 26. At Defendant's request, however, the hearing was later rescheduled to June 15. On the morning of the scheduled hearing, the Court was advised by counsel that the parties had agreed to submit the motion without hearing or further argument.

## RELEVANT FACTS

While no evidence was offered regarding the instant motion, the facts surrounding Defendant's arrest are generally undisputed. On May 3, 2007, two Cedar Rapids police

1

officers approached two men sitting on the front stoop of an apartment complex. One of the officers recognized Defendant and called out to him by name, asking "can I talk to you for a minute?" Both men began running and, according to officers, Defendant was seen trying to "pull something from his waistband." Officers subsequently found Defendant hiding under a car and he was taken into custody. When officers retraced the path of the chase, they found a fully loaded 9mm semi-automatic handgun.

Law enforcement tested the firearm for fingerprints. A fingerprint found on the firearm matched Defendant. Officer Ron Johnson of the Cedar Rapids Police Department "took a series of photographs using various lighting until he captured an image with the most detail available for the fingerprint." The gun was maintained in the evidence room of the Cedar Rapids Police Department. In June 2008, however, the building was flooded.

In his instant motion filed on May 15, Defendant asserted that "the firearm is no longer available for any type of independent testing." In his motion to continue the hearing, however, Defendant stated that he was informed by the Government on May 19 "that the firearm was, in fact, available for testing." Defendant asked for "additional time in which to test the firearm for fingerprints and to examine the photograph of the fingerprint."

According to the Government's resistance filed on June 10, a digital copy of the fingerprint photograph was emailed to Defendant's counsel for examination by Defendant's expert. In addition, the Government asserts that "defendant's expert has now examined the gun and agrees that the fingerprint continues to exist post flood and is sufficient for independent testing." Defendant made no reply to the Government's assertion.

### DISCUSSION

When Defendant filed his motion to suppress on May 15, he believed that "the firearm is no longer available for any type of independent testing." Defendant argued that the unavailability of the firearm mandated suppression of the fingerprint evidence.

> Because the firearm in this case is no longer available for the
> Defendant to conduct an independent fingerprint examination,

> any evidence of the results of the government's fingerprint
> evidence should be excluded from evidence at trial. The
> government had an opportunity to test the firearm in this case
> for fingerprints. Due to the June 2008 flooding in Cedar
> Rapids, the firearm is no longer in a condition for testing.
> Thus, Defendant has lost the opportunity to conduct his own
> independent test of the firearm

*See* Brief in Support of Motion to Suppress at 3-4 (docket number 16-2 at 3-4).

It is apparently undisputed, however, that the factual basis upon which Defendant grounds his motion is mistaken. That is, both the firearm and the photograph of the fingerprint survive, and have been provided to Defendant's expert for analysis. In fact, the Government asserts that Defendant's expert agrees "that the fingerprint [on the gun] continues to exist post flood and is sufficient for independent testing." Defendant does not contest the Government's assertion in that regard.

In support of his motion, Defendant cites various cases for the general proposition that "[t]he destruction of material evidence may be a violation of a defendant's due process rights." *See, e.g., California v. Trombetta*, 467 U.S. 479, 488-89 (1984) (suggesting there may be a constitutional obligation to preserve evidence (1) where the "exculpatory value" of the evidence was apparent before it was destroyed, and (2) "the defendant would be unable to obtain comparable evidence by other reasonably available means"); *United States v. Malbrough*, 922 F.2d 458, 463 (8th Cir. 1990) (finding that "[f]ailure to preserve potentially useful evidence is not a denial of due process unless there is a showing of bad faith."). The Government argues that it is not necessary to address the legal issue because, in fact, the evidence *is* available and has been produced. The Court agrees. Defendant's argument is built on the foundation that the firearm was destroyed in the flood and is unavailable for testing. He was mistaken in that belief and, therefore, his argument crumbles and falls.

## SUMMARY

It is respectfully recommended that the district court deny Defendant's motion to suppress fingerprint evidence. As set forth above, Defendant was mistaken in the factual basis underpinning his motion. Both the firearm and the photograph of the fingerprint have been made available to Defendant's expert and are sufficient for independent testing.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the district court **DENY** Defendant's Motion to Suppress Fingerprint Evidence (docket number 16).

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the District Court.

DATED this 16th day of June, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA